Argued and submitted March 29, 1991, affirmed June 3, reconsideration denied July 15, petition for review denied August 25, 1992 (314 Or 175)

Kathy BECK
and James G. Beck,
*Appellants,*

*v.*

Matt POWELL,
Dave Powell and
Insurance Counsellors,
*Defendants,*

*and*

HARTFORD FIRE
INSURANCE COMPANY,
*Respondent.*

(A8802-00982; CA A64213)

832 P2d 1254

Jeffrey P. Foote, Portland, argued the cause for appellants. With him on the briefs was David F. Sugerman, Portland.

E. Richard Bodyfelt, Portland, argued the cause for respondent. With him on the briefs were Barry M. Mount and Bodyfelt Mount Stroup & Chamberlain, Portland.

Before Buttler, Presiding Judge, and Rossman and De Muniz, Judge.

BUTTLER, P. J.

**BUTTLER, P. J.**

Plaintiffs, the insureds, appeal from a judgment[1] entered in favor of Hartford Fire Insurance Company (defendant) in this equitable action for reformation of an insurance policy issued to them by defendant. The issue is whether defendant had made an offer of uninsured motorist (UM) coverage that satisfied ORS 743.789(2). The trial court held that it had. On *de novo* review, ORS 19.125(3); *Haines Comm'l. Equip. Co. v. Butler*, 268 Or 660, 664, 522 P2d 472 (1974), we affirm.

In 1984, defendant issued plaintiffs an automobile insurance policy with a liability limit of $100,000 and a UM limit of $50,000. In the summer of 1985, Kathy Beck increased the liability coverage to $300,000 but left the UM coverage unchanged. Defendant's employee testified that, in December, 1985, defendant sent plaintiffs a UM supplemental application, describing the benefits of uninsured motorist coverage. It provided, in part:

"BENEFITS: Pays benefits for bodily injury or death caused by
An uninsured driver
A hit-and-run driver
An underinsured driver whose bodily injury liability insurance limit is less than the amount of your Uninsured Motorists limit and is inadequate to compensate you for your injuries.

"LIMIT: Optional Uninsured Motorists limits above the minimum limits required by law are available, but they cannot exceed the Liability Limit for liability insurance of your policy. We recommend limits equal to the Liability Limit you have chosen for your policy. Your self-protection and that of the other occupants of your motor vehicle should equal the protection you provide others. Please contact

---

[1] Plaintiffs originally also named their insurance agents as defendants. Defendant filed cross-claims against the additional defendants before plaintiffs dismissed the claims against them. Judgment was entered disposing of plaintiffs' claims against defendant, and plaintiffs filed a notice of appeal from that judgment. Because no final judgment had been entered on the cross-claims, we remanded the case for an amended judgment, which was entered on May 21, 1991. Plaintiffs filed an amended notice of appeal from that judgment.

your agent or broker if you have any questions about optional limits."

The application then provided these three options:

"_____ I elect an Uninsured Motorists Coverage Limit equal to the Liability Limit for liability insurance of my policy. Underinsured Motorists Coverage is included at the same limit.)

"_____ I elect an Uninsured Motorists Coverage Limit of $_____. (Cannot be greater than the Liability Limit of your policy. (Underinsured Motorists Coverage is included at the same limit.)

"_____ I elect the minimum limit available for Uninsured Motorists Coverage. (I understand that Underinsured Motorists Coverage is not included.)"

An attached notice explained:

"Enclosed with this notice is the renewal of your Hartford policy. In Oregon your policy must include Uninsured Motorist (UM) coverage at a limit at least equal to the the [sic] minimum limit for liability insurance required by law. You have the option of selecting UM coverage at limits higher than the minimum limits required. If you select higher UM limits, these limits may not be greater than the limit for liability insurance of your policy. Also, if you choose higher UM limits, your policy will include Underinsured Motorist (UDM) coverage at the same limit.

"We recommend that you select higher limits of Uninsured Motorist Coverage as it will provide greater protection for you, your family members, and the occupants of your motor vehicle if any of you suffer [sic] bodily injury as a result of an accident with the motorist who is legally responsible and who does not have adequate insurance protection to compensate you for your injuries.

"Please read the enclosed form (Uninsured Motorists Supplemental Application) carefully. It outlines the choices you have regarding Uninsured Motorists Coverage. If you would like to make any changes to your UM coverage, please complete the form, sign it, and return it to your Hartford agent or broker."

Both the application and the notice were sent to plaintiffs with the regular renewal notice. Although Kathy admitted that she received the renewal notice, which referred to the

attachments, she testified that she received neither the application nor the notice and, therefore, did not raise her UM limits.

On March 4, 1986, Kathy was injured in an automobile accident with a driver whose liability limit was $60,000. She settled her claim with the other driver for his policy limit, which did not compensate her fully for her injuries. Because the other driver was neither uninsured nor underinsured, defendant denied any liability for Kathy's injuries. Plaintiffs contend that, because defendant's notice did not constitute an offer under ORS 743.789(2), Kathy is entitled to reformation of the insurance contract to increase the amount of UM coverage to the amount of her liability coverage.

ORS 743.789(2) provides, in pertinent part:

> "The insurer issuing such [motor vehicle liability] policy *shall offer* one or more options of uninsured motorist coverage larger than the amounts prescribed *to meet the requirements* of ORS 806.070 up to the limits provided under the policy *for motor vehicle bodily injury liability insurance.* Offers of uninsured motorist coverage larger than the amounts required by ORS 806.070 shall include underinsurance coverage * * *." (Emphasis supplied.)

If an insurer fails to offer that coverage, the court will "read into the insurance contract the coverage which defendant should have offered." *Blizzard v. State Farm Automobile Ins. Co.*, 86 Or App 56, 738 P2d 983, *rev den* 304 Or 149 (1987). The trial court found that defendant had sent the notice and that Kathy had received it. It concluded that defendant's notice satisfied the statutory requirement and denied reformation.

Plaintiffs first assign as error the court's finding that "[w]hen [the notification] was received by Mrs. Beck, she glanced at it, did not read it and then placed it in a drawer. It has now been lost."[2] In weighing the credibility of the witnesses, the trial court did not believe Kathy and found that

---

[2] For the first time, plaintiffs have argued that we should take judicial notice of the presumption that "[a] person takes ordinary care of the person's own concerns." OEC 311(1)(b); OEC 201(c), (d) and (f). Defendant, on the other hand, argues that we should take judicial notice of the presumption that "[t]he ordinary course of business has been followed." OEC 311(1)(m). Even if we were to consider those presumptions for the first time on appeal, ORS 40.080, they are conflicting presumptions founded

she had received the notice and had lost it. We will not disturb that finding on appeal. *See Empire Building Supply v. EKO Investments*, 40 Or App 739, 745, 596 P2d 593 (1979).

The principal question is whether the trial court erred in concluding that defendant's notification of the availability of increased UM coverage satisfied the requirement of ORS 743.789(2). Plaintiffs assert that an offer must include at least some information regarding the cost of increasing UM coverage. Defendant relies on *Blizzard v. State Farm Automobile Ins. Co., supra*, in which we held that this notice fulfilled the statutory requirement:

> "NEW STATE LAW BROADENS UNINSURED MOTORIST COVERAGE, COVERAGE U. SEE INSERT FOR DETAILS.
>
> "IF YOU WOULD LIKE COVERAGE U LIMITS EQUAL TO YOUR BODILY INJURY LIABILITY LIMITS OF _____ CHECK HERE
> .... YOUR NEW PREMIUM IS $_____.
>
> "IF DIFFERENT LIMITS ARE DESIRED, PLEASE CONTACT YOUR AGENT."

The insurer lost only because it failed to give that notice with respect to a separate policy insuring the automobile that was involved in the accident.

The case on which plaintiffs rely, *Zuber v. Safeco Ins. Co.*, 96 Or App 596, 773 P2d 800 (1989), is not dispositive. In *Zuber*, the insurer sent the insured a letter in 1980, which read, in part:

> "On your auto insurance you may now increase your uninsured motorist coverage limits up to the same limits you carry on your bodily injury coverage. The cost for this additional protection is just a few dollars. We can also provide information on underinsured motorist coverage. This provides that if a person liable for injuries to you or your family carries too little insurance to pay your costs, the underinsured motorist coverage can pay the difference, up to your limits." 96 Or App at 598.

---

upon considerations of policy and logic of equal weight; therefore, neither applies. ORS 40.130.

In an attempt to explain underinsurance coverage, the insurer sent this notice in 1982:

"With Uninsured Motorists Coverage you are protected, up to your limits, if you are involved in an accident caused by an uninsured or 'hit and run' driver. If a person who has insurance causes an accident resulting in injuries to you or your family which are more costly than the coverage maximums of his policy, Underinsured Motorists pays the difference between his Bodily Injury limits and the cost of the injuries. In no event, however, may you recover more than your limits less whatever you receive from the underinsured motorist.

"SAFECO/First National voluntarily made higher limits of Uninsured Motorist Coverage (including Underinsured Motorists) available several years ago. You may have discussed this with your agent already. If you have not increased your limits, you may want to consider doing so now. Your SAFECO/First National agent will be happy to help." 96 Or App at 598.

Both notices were misleading, because they failed to make it clear that uninsured coverage included underinsured coverage and did not require two separate premiums. We stated that neither the 1980 letter nor the 1982 notice satisfied the definition of "offer" in ORS 743.789(2) and that the defendant did not seriously contend otherwise. Instead, the defendant argued that we should accept something referred to as the "Minnesota test." We responded that, even if we did that, the letter and notice were deficient in several respects, including their failure to state the cost of "either form of coverage," which we understood to be required under that test. Therefore, the defendant would have lost under its own proposed test.

In this case, the notices sent by defendant clearly and accurately explained the different coverages and informed plaintiffs that UM coverage included underinsured coverage, unless the minimum UM limit was elected. It presented three options, two of them offering coverage above the minimum required by law but not exceeding the insured's liability limit. Neither the statute nor the cases interpreting it require that an insurer state the cost of uninsured coverage options that are available. We agree with the trial court that the information that defendant

sent to plaintiffs satisfied the statutory definition of "offer."[3]

Affirmed.

---

[3] After oral argument, plaintiffs filed a memorandum of additional authority, citing *Pierce v. Allstate Ins. Co.*, 112 Or App 530, 829 P2d 1032 (1992), in which this offer was sent by the insurer:

"UNINSURED MOTORISTS LIMITS EQUAL TO YOUR BODILY INJURY LIMITS ARE OFFERED TO YOU AT THE FOLLOWING PRICES
VEH 1 $13.00      VEH 2 $11.10
SEE ENCLOSED COVERAGE UPDATE DESCRIBING THIS OFFER AND HOW TO ACCEPT OR REJECT IT OR OBTAIN OTHER AVAILABLE LIMITS."

We held that the offer was sufficient but that, because it was not given when the automobile in question was added to the policy, the insurer had failed to comply with the statute. That case is of no help here.